# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SMITH, | 1:11-CV-00775 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES A. YATES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on June 24, 2009, of possession of marijuana while confined in a state prison (Cal. Penal Code § 4573.6). (CT[1] 56.) In a bifurcated proceeding, the court found that Petitioner had sustained six prior serious and/or violent felonies within the meaning of California's Three Strikes Law (Cal. Penal Code § 1170.12(a)-(d)). (CT 28-29.) Petitioner was sentenced to serve an indeterminate term of twenty-five years to life. (CT 120.)

---

[1] "CT" refers to the Clerk's Transcript on Appeal.

1

1    Petitioner appealed his conviction.  On August 6, 2010, the California Court of Appeal,
2 Fifth Appellate District ("Fifth DCA"), affirmed Petitioner's judgment in a reasoned decision.
3 (See Lodged Doc. No. 6.)  Petitioner then filed a petition for review in the California Supreme
4 Court.  (See Lodged Doc. No. 7.)  On October 14, 2010, the petition was summarily denied. (See
5 Lodged Doc. No. 8.)

6    Petitioner filed the instant federal habeas petition in this Court on May 13, 2011,
7 presenting the following two claims for relief: 1) He alleges the trial court abused its discretion
8 and/or misunderstood the scope of its discretion when it declined to strike Petitioner's priors; and
9 2) He claims his sentence constitutes cruel and unusual punishment in violation of the Eighth
10 Amendment.  On July 12, 2011, Respondent filed an answer to the petition.  On August 23,
11 2011, Petitioner filed a traverse.

**STATEMENT OF FACTS[2]**

On May 10, 2008, Correctional Officer Timothy Davis was assigned to the dining hall at Avenal State Prison. He conducted random clothed-body searches of the inmates to make sure they did not have any contraband when they left the dining hall. Davis had already searched three inmates when he randomly selected [Petitioner] and conducted a patdown search over his clothes. Davis detected an object along [Petitioner]'s waistband. Davis asked [Petitioner] about the object, and [Petitioner] said it was marijuana.

After a thorough search of [Petitioner], Davis discovered [Petitioner] was wearing personal athletic shorts under his prison-issue pants. The shorts contained an inmate-manufactured pocket. There were three items inside the pocket: two round bindles which were wrapped in clear cellophane and one bindle which was inside a tubular object.

The bindles contained 6.27 net grams of marijuana and five hand-rolled cigarettes which weighed 2.2 net grams, for a total of 8 .47 grams. One of the cigarettes was tested, and it was positive for marijuana. The evidence officer inadvertently destroyed the shorts that contained the contraband.

(See Lodged Doc. No. 6.)

**DISCUSSION**

I.    Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

---

[2]The Fifth DCA's summary of the facts in its August 6, 2010, opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1).  Petitioner does not present clear and convincing evidence to the contrary; thus, the Court adopts the factual recitations set forth by the Fifth DCA.

or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of Kings County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lockyer v. Andrade, 538 U.S. 63, 70 (2003); Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008 (1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II.     Standard of Review

Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. __, __, 131 S.Ct 770, 784, 178 L.Ed.2d 624 (2011); Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles

set forth by the Supreme Court at the time the state court renders its decision." Id.  In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir.2009), *quoting* Wright v. Van Patten, 552 U.S. 120, 125 (2008); see Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006).  If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Carey, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of," [the] clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13; see also Lockyer, 538 U.S. at 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405, *quoting* Webster's Third New International Dictionary 495 (1976). "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir.2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously

4

or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Lockyer, 538 U.S. at 75-76. The writ may issue only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Harrington, 131 S.Ct. at 784. In other words, so long as fairminded jurists could disagree on the correctness of the state courts decision, the decision cannot be considered unreasonable. Id. If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See LaJoie v. Thompson, 217 F.3d 663, 669 (9th Cir.2000); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires considerable deference to the state courts. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," and "evidence introduced in federal court has no bearing on 2254(d)(1) review." Cullen v. Pinholster, __ U.S. __, __, 131 S.Ct. 1388, 1398-99 (2011). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003), citing 28 U.S.C. § 2254(e)(1). However, a state court factual finding is not entitled to deference if the relevant state court record is unavailable for the federal court to review. Townsend v. Sain, 372 U.S. 293, 319 (1963), overruled by, Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

III.   Review of Claims

    A.   Dismissal of "Strike" Convictions

Petitioner first alleges the trial court erred in denying his request to strike his prior convictions pursuant to Cal. Penal Code § 1385 and People v. Superior Court (Romero), 13 Cal.4th 497 (1996). Petitioner also claims the trial court misunderstood the scope of its

1  discretion under state law to strike the prior convictions.

2  Petitioner presented this claim on direct appeal to the Fifth DCA where it was rejected in
3  a reasoned decision. (See Lodged Doc. No. 6.) Petitioner then presented the claim to the
4  California Supreme Court in a petition for review. The petition was denied without comment.
5  (See Lodged Doc. No. 8.) When the California Supreme Court's opinion is summary in nature,
6  the Court must "look through" that decision to a court below that has issued a reasoned opinion.
7  Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3 (1991). The Fifth DCA analyzed and rejected
8  the claim as follows:

> [Petitioner] argues the court failed to consider the factors set forth in *Romero* and *Williams,* and it did not understand the full scope of its discretionary power under section 1385. [Petitioner] further argues the court improperly denied his motion to dismiss based only on the existence of his prior strike convictions and that he committed the current offense while in prison. At the sentencing hearing, however, the court stated it was familiar with the relevant factors to consider as to whether it should dismiss the strike convictions. The court reviewed [Petitioner]'s criminal history and rejected his argument that the current offense should be treated as a misdemeanor. The court acknowledged it had discretion to dismiss one or more prior strike convictions under *Romero* and section 1385, but found a third strike term was appropriate in this case. The court particularly noted that [Petitioner] possessed more marijuana than just for his own personal use in a prison setting. The entirety of the record reflects the court did not abuse its discretion when it denied [Petitioner]'s request to dismiss the prior strike convictions, and the court did not impose the third strike term simply because [Petitioner] was eligible for it.

(See Lodged Doc. No. 6.)

Respondent correctly argues that Petitioner fails to present a federal claim. In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2). Here, Petitioner's claim is that the state court erred under state law, and generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does

not rise to the level of a constitutional violation, may not be corrected on federal habeas"). In addition, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). The instant state law claim is not cognizable on federal habeas review. See Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir.2002), *vacated on other grounds*, Mayle v. Brown, 538 U.S. 901 (2003), *citing*, Williams v. Borg, 139 F.3d 737, 740 (9th Cir.1998). The claim should be rejected.

### B.  Cruel and Unusual Punishment

Petitioner next claims his sentence of twenty-five years to life constitutes cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. He states his crime did not involve violence or result in any harm, and is treated as a misdemeanor outside of prison walls. He argues that the application of the Three Strikes Law in his case resulted in a sentence that is grossly disproportionate to the crime.

This claim was also raised and rejected on direct appeal.[3] The appellate court rendered the last reasoned decision, as follows:

> [Petitioner] contends the imposition of an indeterminate third strike term of 25 years to life for the felony offense of possession of marijuana in a prison facility constitutes cruel and/or unusual punishment in violation of the United States and California Constitutions.
>
> The purpose of the Three Strikes law is not to subject a criminal [Petitioner] to a life sentence merely on the basis of the latest offense. Rather, the purpose is to punish recidivist behavior. (*People v. Diaz* (1996) 41 Cal.App.4th 1424, 1431; *People v. Kinsey* (1995) 40 Cal.App.4th 1621, 1630-1631.) Habitual offender statutes have withstood constitutional scrutiny based on assertions of cruel and unusual punishment, as well as claims of a disproportionate sentence. (See *People v. Ayon* (1996) 46 Cal.App.4th 385, 398-400, overruled on other grounds in *People v. Deloza* (1998) 18 Cal.4th 585, 593-595,

---

[3] Respondent contends the claim is unexhausted since Petitioner did not present all of his arguments to the state court prior to raising the claim in federal court. Specifically, Respondent notes that Petitioner claims his sentence is grossly disproportionate to his crime because Petitioner did not injure anyone, that the crime is considered a misdemeanor outside prison walls, and his punishment is disproportionate compared to recidivist punishments in other jurisdictions. Respondent states Petitioner did not include the argument concerning comparison to other jurisdictions in his state petition to the California Supreme Court. The Court finds Petitioner has exhausted his claim. While Petitioner may not have made the specific argument regarding punishments in other jurisdictions, he did fairly present his claim that his sentence is grossly disproportionate to the underlying crime. In both his state and federal habeas petitions, Petitioner specifically identified the constitutional right allegedly violated, i.e., the Eighth Amendment prohibition against cruel and unusual punishment. See Gray v. Netherland, 518 U.S. 152, 162 (1996). Although Petitioner may have varied his legal theory to some extent, the substance of his claim remains the same, and that is sufficient for exhaustion. See Picard v. Connor, 404 U.S. 270, 277 (1971); Sweeney v. Carter, 361 F.3d 327, 333 (7th Cir.2004); Odem v. Hopkins, 192 F.3d 772, 775-76 (8th Cir.1999).

7

600.)

[Petitioner] argues that the instant offense was "a passive, nonviolent crime, presenting a low degree of danger to society," and his offense would have been a misdemeanor if committed outside of prison. However, "society's interest in deterring criminal conduct or punishing criminals is not always determined by the presence or absence of violence. [Citations.]" (*People v. Cooper* (1996) 43 Cal.App.4th 815, 826.) Moreover, [Petitioner] is being punished not merely for the current offense but also because of his recidivism. (*People v. Romero* (2002) 99 Cal.App.4th 1418, 1432.) In evaluating the factors set forth in *In re Lynch* (1972) 8 Cal.3d 410, [Petitioner]'s sentence is not so disproportionate to the crime that it shocks the conscience, and it does not violate the state constitutional prohibition against cruel or unusual punishment. (See *People v. Stone* (1999) 75 Cal.App.4th 707, 715; *People v. Martinez* (1999) 71 Cal.App.4th 1502, 1510-1517; *People v. Cooper, supra,* 43 Cal.App.4th at pp. 825-828; *People v. Cline* (1998) 60 Cal.App.4th 1327, 1337-1338.)

In addition, [Petitioner] cannot demonstrate that his sentence violates the prohibition against cruel and unusual punishment contained in the federal Constitution. (*Lockyer v. Andrade* (2003) 538 U.S. 63, 66-67, 77 (*Andrade* ); *Ewing v. California* (2003) 538 U.S. 11, 29-31 (*Ewing* ); *People v. Cooper, supra,* 43 Cal.App.4th at pp. 820-825.) In *Ewing,* the United States Supreme Court held that the cruel and unusual punishment clause of the federal Constitution contains a narrow proportionality principle that prohibits grossly disproportionate sentences. (*Ewing, supra,* at p. 23.) The court upheld a 25-year-to-life sentence under the Three Strikes law for a [Petitioner] with prior burglary and robbery convictions who shoplifted three golf clubs. (*Id.* at pp. 17-18, 29-31; see also *Andrade, supra,* at pp. 66-68, 77 [two consecutive terms of 25 years to life under Three Strikes law for thefts of videotapes not grossly disproportionate].)

[Petitioner] contends his situation is similar to that addressed in *People v. Carmony* (2005) 127 Cal.App.4th 1066, where the court found a third strike sentence of 25 years to life imposed for the [Petitioner]'s failure to reregister as a sex offender violated both the 'federal and state constitutional prohibitions against cruel and/or unusual punishment. In doing so, the court emphasized that [Petitioner] had in fact registered, and his failure to reregister was a purely technical violation with no practical effect. (*Id.* at p. 1078.) "Here, there was no new information to update, and the state was aware of that fact. Accordingly, the requirement that [Petitioner] reregister within five days of his birthday served no stated or rational purpose of the registration law and posed no danger or harm to anyone." (*Id.* at p. 1073.) "Because a 25-year recidivist sentence imposed solely for failure to provide duplicate registration information is grossly disproportionate to the offense, shocks the conscience of the court and offends notions of human dignity, it constitutes cruel and unusual punishment under both the state and federal Constitutions." (*Ibid.*) The court specifically declined to consider "the appropriateness of a recidivist penalty where the predicate offense does not involve a duplicate registration." (*Id.* at p. 1073, fn. 3.)

In contrast to *People v. Carmony, supra,* 127 Cal.App.4th 1066, [Petitioner]'s convictions in the instant case were not technical violations of the law that "served no stated or rational purpose." (*Id.* at p. 1073.) [Petitioner]'s case is clearly within the parameters set by *Ewing* and *Andrade.* As in those cases, "[i]f terms of 25 years to life and 50 years to life are not '"grossly disproportionate"' for petty theft with prior felony convictions," then the indeterminate term imposed here is not grossly disproportionate to the offense of possession of marijuana in a prison facility, given [Petitioner]'s criminal history of prior strike convictions and incarceration when he committed the instant offense. (*People v. Em* (2009) 171 Cal.App.4th 964, 977; see *Andrade, supra,* 538 U.S. at p. 77; *Ewing, supra,* 538 U.S. at pp. 28-30; *People v. Romero, supra,* 99 Cal.App.4th at

8

pp. 1432-1433.)

(See Lodged Doc. No. 6.)

A criminal sentence that is not proportionate to the crime for which a defendant is convicted may indeed violate the Eighth Amendment. However, two decisions by the United States Supreme Court require that Petitioner's claim be denied.

In Lockyer v. Andrade, 538 U.S. 63 (2003), the United States Supreme Court discussed proportionality review under the Eighth Amendment and held that the only clearly established governing legal principle is that a "gross disproportionality" review applies to criminal sentences for a term of years, but the precise contours of that principle are "unclear applicable only in the 'exceedingly rare' and 'extreme' case." Id., at 72.

In Ewing v. California, 538 U.S. 11 (2003), the Supreme Court upheld a sentence of 25 years to life for a recidivist convicted most recently of grand theft. Ewing further explained that the three strikes law was not constitutionally infirm. Id., at 29-30. In conducting a proportionality review of Ewing's sentence, the Court stated, "[i]n weighing the gravity of Ewing's offense, we must place on the scales not only his current felony, but also his long *history of felony recidivism*." Id. at 29 (emphasis added). The Court noted that "any other approach would fail to accord proper deference to the policy judgments that find expression in the legislature's choice of sanctions." Id. In imposing a Three Strikes sentence on a recidivist criminal, the Court recognized the state's interest in dealing "in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law." Id., *citing* Rummel v. Estelle, 445 U.S. 263, 276 (1980). Accordingly, any proportionality review must take this interest into account. Id.

Petitioner's sentence of 25 years to life does not raise an inference of gross disproportionality to his crimes. Petitioner received a sentence of 25 years to life for not only the instant crime of possession of marijuana in prison, but for his history of violent and serious felonies. As noted by Respondent, the prior convictions include: one count of oral copulation with a minor under 16 years old; one count of lewd act with a child; two counts of attempted rape by force or fear; and two counts of penetration by force or fear. (CT 4.) In addition, his

underlying crime is not merely one of harmless possession of an illegal substance.  Petitioner possessed a large amount in a prison setting.  As noted by Respondent, California considers the possession and smuggling of contraband in state prisons to be a "grave problem requiring unprecedented security procedures." Estes v. Rowland, 14 Cal.App.4th 508, 538-39 (1993).

In light of these facts, Petitioner's sentence does not violate Eighth Amendment principles. Petitioner is precisely the recidivist criminal for which California's Three Strikes law was designed to protect society against. Thus, the state court rejection of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). The claim should be rejected.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DENIED WITH PREJUDICE.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 13, 2011**            /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE